UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S REQUEST FOR USE OF A PSEUDONYM (DOC. NO. 39)**<br><br>Case No. 1:20-cv-00054-TC-DAO<br><br>Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

In this case, Plaintiff Jane Doe asserts a claim of deliberate indifference in violation of Title IX against Defendant Weber State University ("Weber State"). (Compl., Doc. No. 2.) Now before the court is Ms. Doe's Request for Use of a Pseudonym, ("Mot.," Doc. No. 39). For the reasons explained below, the motion is denied.

<u>BACKGROUND</u>

Ms. Doe asserts that while she was a student at Weber State University, she received counseling from Professor Baird, who, at the time, was a psychology professor at the school. (Compl. 1–2, Doc. No. 2.) She alleges that during her counseling sessions, Professor Baird touched her in an inappropriate and unwanted sexual manner. (*Id.* at 3, 5.) Some of his touching occurred under the guise of "mindfulness" exercises. (*Id.* at 3.) Professor Baird also allegedly sexually harassed Ms. Doe with inappropriate comments. (*Id.* at 3–5.) In addition, Ms. Doe asserts Professor Baird created a conflict of interest by acting as both her counselor and professor. (*Id.* at 3.) Finally, Ms. Doe contends Professor Baird revealed confidential information to her about other students, (*id.*), and accessed her educational records without her

1

consent, (*id.* at 8).  Ms. Doe alleges that despite Weber State's knowledge of Professor Baird's actions, it acted with deliberate indifference when handling Ms. Doe's complaints and the resulting investigation.

Ms. Doe brought this action as "Jane Doe" and proceeded under that pseudonym thereafter.  Ms. Doe now seeks the court's permission to proceed pseudonymously.  (Mot., Doc. No. 39.)

<u>ANALYSIS</u>

I.      *Subject-Matter Jurisdiction*

In the Tenth Circuit, absent permission by the court to proceed under pseudonym, "the federal courts lack jurisdiction over the unnamed parties."  *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).  Accordingly, Ms. Doe's failure to obtain permission from the court "amounts to a jurisdictional defect."  *Geico Gen. Ins. Co. v. M.O.*, No. 21-2164, 2021 U.S. Dist. LEXIS 187843, at *13 (D. Kan. Sep. 30, 2021) (unpublished).  Weber State argues this defect cannot be cured by Ms. Doe's motion.[1]  (Resp. to Request for Pseudonym ("Opp'n") 2, Doc. No. 43.)  While the question of curability appears to be an open issue in the Tenth Circuit, persuasive case law supports finding the defect curable.

The most applicable Tenth Circuit case is *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001).  Weber State cites *Yocom* in support of its argument that the jurisdictional defect is not

---

[1] At the hearing, Weber State also argued the jurisdictional defect cannot be cured where the court has already ruled on a dispositive motion.  But it presented no authority in support of the idea that the curability of this defect hinges on a case's status.  And the status of this case would not warrant a finding of inability to cure.  The case has been pending since May 2020 and a motion to dismiss has been decided.  But the case is still in the beginning stages of the litigation process.  Because the case was stayed pending a settlement conference, (Doc. No. 23), Weber State did not answer the Complaint until April 27, 2021, (Doc. No. 27).  And at the hearing, Weber State indicated discovery has not yet begun.

curable.  (*See* Opp'n 2, Doc. No. 43.)  In *Yocom*, the Tenth Circuit dismissed an appeal where the plaintiffs never requested permission to proceed anonymously before the district court.  257 F.3d at 1172–73.  After the notice of appeal was filed, the magistrate judge granted the plaintiffs leave to proceed by pseudonym *nunc pro tunc*.  *Id.* at 1172.  The Tenth Circuit held "[a] lack of jurisdiction cannot be corrected by an order *nun pro tunc*," and found the defect could not be cured once an appeal was filed.  *Id.*  Relying on *Yocom*, some courts have held the jurisdictional defect caused by filing a case under pseudonym cannot be cured by a later request to proceed pseudonymously.  *See, e.g.*, *Doe v. Kan. State Univ.*, No. 2:20-cv-02258, 2021 U.S. Dist. LEXIS 4538, at *6 (D. Kan. Jan. 11, 2021) (unpublished) (dismissing case without prejudice upon finding that failure to seek leave to proceed under pseudonym at the outset of the case was an incurable defect).

However, other courts have rejected this strict reading of *Yocom*.  For example, in *Doe v. Farmington Municipal Schools*, the District of New Mexico acknowledged "[i]n dicta, the *Yocom* court stated, [w]hen a party wishes to *file* a case anonymously or under a pseudonym, it must *first* petition the district court for permission to do so."  No. 21-103, 2021 U.S. Dist. LEXIS 70813, at *3 (D.N.M. Apr. 13, 2021) (unpublished) (emphasis in original) (internal quotation marks omitted).  However, the court noted that *Gibbs*, which *Yocom* relied on for this assertion, "did not directly address when a party seeking to proceed anonymously must get permission from the district court."  *Id.* at *3–4 (citing *Gibbs*, 886 F.2d at 1245).  Instead, *Gibbs* suggested "such permission might properly be obtained after the complaint is filed."  *Id.* at *4; *see also* *Gibbs*, 886 F.2d at 1245 ("In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants.").  With this analysis, the District of New Mexico

3

permitted the plaintiff to cure the jurisdictional defect, concluding the court was not "bound to a strict reading of *Yocom*'s dicta."[2]  *Farmington Mun. Sch.*, 2021 U.S. Dist. LEXIS 70813, at *4.

In at least one case, the District of Kansas followed a similar approach.  In *Geico General Insurance Company v. M.O.*,[3] the court noted an "arguable lack of clarity" on the "timing of when exactly a party must request [ ] permission [to proceed by pseudonym]."  2021 U.S. Dist. LEXIS 187843, at *14.  But the court rejected as dicta any suggestion in *Yocom* "that a party must file a motion for leave to proceed by pseudonym before or contemporaneously with the complaint or other initial pleading."  *Id.*  According to the *Geico* court, *Gibbs* and *Yocom* affirm that "a case is not commenced with respect to unnamed parties unless and until the district court grants permission for the parties to proceed anonymously and the parties comply with any such conditions the court may impose."  *Id.* at *15.  A motion for leave to proceed under pseudonym "set[s] in motion the proper procedure to ensure the district court's jurisdiction."  *Id.* at *16.  The court's order on such motion, coupled with any subsequent compliance required by the party, "remed[ies] any jurisdictional defect that previously existed."[4]  *Id.* at *17.

---

[2] The court noted that because the plaintiff initially filed suit in state court, she had no opportunity to request to proceed by pseudonym before removal.  *Farmington Mun. Sch.*, 2021 U.S. Dist. LEXIS 70813, at *4–5.  However, the court did not limit its decision or analysis to such circumstances.

[3] In *Geico* the plaintiff named the defendants by their initials to respect their desire to remain anonymous.  *Geico Gen. Ins. Co.*, 2021 U.S. Dist. LEXIS 187843, at *16.  But the *Geico* court did not limit its decision or analysis to these circumstances.  Rather, it stated "a party that wants to avoid dismissal should seek leave to proceed anonymously early in the case or risk dismissal." *Id.*

[4] Weber State's motion to dismiss, incorporated by reference, (Opp'n. 2–3, Doc. No. 43), also cites *M.A.C. v. Gildner,* 853 F. App'x 207 (10th Cir. 2021) (unpublished), in support of the argument that the motion to proceed under pseudonym must be filed first.  (Mot. to Dismiss 4, Doc. No. 38.)  In *M.A.C.*, the Tenth Circuit upheld the district court's *sua sponte* dismissal of a complaint for lack of subject-matter jurisdiction.  853 F. App'x at 207–08.  This case is

The approach and rationale in *Geico General Insurance Company* and *Farmington Municipal Schools* is persuasive. *Yocom*'s holding, viewed in the context of the case, applies to cases where no permission to proceed pseudonymously was sought or granted from the district court before an appeal was filed. *Yocom* does not prevent a party from requesting permission from the district court to proceed by pseudonym in an active case, nor does it prohibit the district court from granting such permission. Accordingly, the jurisdictional defect caused by proceeding by pseudonym without leave of the court can, in some circumstances, be cured.

## II.     Request to Proceed by Pseudonym

Turning to the merits of Ms. Doe's request, the Federal Rules of Civil Procedure require the complaint to "name all the parties," Fed. R. Civ. P. 10(a), and the action to "be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a). Nothing in the Federal Rules provides "for suits by persons using fictitious names or for anonymous plaintiffs." *Gibbs*, 886 F.2d at 1245. "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). However, "[i]n certain limited circumstances . . . courts have permitted a plaintiff to proceed using a fictitious name" including where "significant privacy interests or threats of physical harm" are implicated. *Gibbs*, 886 F.2d at 1245. In other words, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings." *Id.* Exceptional cases are those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the

---

distinguishable because no *sua sponte* dismissal order was issued (even if such an order could have been issued) before Ms. Doe filed her motion.

disclosure of the plaintiff's identity." *Id.* (internal quotation marks omitted).  Embarrassment is insufficient.  *Id.*

Whether to grant leave to allow a party to proceed under pseudonym is within the district court's discretion.  *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).  When determining whether a party may proceed under pseudonym, "it is proper to weigh the public interest." *Femedeer*, 227 F.3d at 1246.   In general, "[l]awsuits are public events," and "the public has an important interest in access to legal proceedings." *Id.* (internal quotation marks omitted).  The public's interest includes a "general right to inspect and copy public records and documents, including judicial records and documents," and "knowing the litigants' identities." *Geico Gen. Ins. Co.*, 2021 U.S. Dist. LEXIS 187843, at *18.  The public's interests "are presumptively paramount[ ] against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).  The nature of the legal system requires that "those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246.

In this case, Ms. Doe seeks leave to proceed under pseudonym to protect her privacy as a sexual assault victim.  (Mot 1, Doc. No. 39.)  She argues the nature of her complaint is highly sensitive and personal and states she "could suffer danger of physical harm" if her name is disclosed.  (*Id.* at 1–2.)  Ms. Doe contends Weber State implicitly acknowledges her compelling interest in proceeding pseudonymously, as shown by its consent for her to proceed under pseudonym in pretrial proceedings.  (*Id.* at 2.)  Lastly, Ms. Doe argues she should be permitted to proceed under pseudonym in an effort to keep the case open to the public.  (*Id.*)

Weber State objects, arguing that even if the court finds jurisdiction, Ms. Doe has not met her burden to proceed pseudonymously.  (Opp'n 3, Doc. No. 43.)  Weber State contends Ms.

Doe failed to demonstrate how she would be harmed if her identity were disclosed.  (*Id.* at 4.)
While Weber State does not contest Ms. Doe's use of a pseudonym in pretrial public filings, it
objects to her use of a pseudonym in other contexts and at trial.  (*Id.* at 6–7.)  Ultimately, Weber
State asserts Ms. Doe fails to establish her interest in proceeding by pseudonym outweighs the
public's interest in open court proceedings.  (*Id.* at 3.)

Ms. Doe's primary argument in favor of proceeding by pseudonym relates to her status as
a sexual assault victim.  In support of this, she relies on *United States v. Galloway*, 963 F.2d
1388 (10th Cir. 1992).  (Mot. 1, Doc. No. 39.)  In *Galloway*, the Tenth Circuit reviewed a district
court's decision to partially close the courtroom when an alleged rape victim testified.  963 F.2d
at 1390.  There, the rape victim was a witness, not a party to the case.  *Id.*  And there is no
indication her identity was anonymous in filings with the court.  In any event, the court found the
"particular nature of the allegations of sexual abuse in this case and the victim's susceptibility to
harm," warranted a partially closed courtroom.  *Id.*  However, the court noted there was no
"'blanket rule' that such a closure would be appropriate in all sex offense cases involving young
victims." *Id.  Galloway* has limited applicability to this circumstance, where Ms. Doe is a party
to the case who is seeking full anonymity and who has made no showing of susceptibility to
harm if her name is disclosed.

Most cases meeting the exceptional circumstances standard involve "matters such as
abortion, birth control, and welfare prosecutions involving abandoned children."  *L.E.H. v. Kan.
Dep't of Children & Families*, No. 17-2250, 2018 U.S. Dist. LEXIS 39832, at *3 (D. Kan. Mar.
12, 2018) (unpublished).  In addition, minor victims of sexual assault merit "heightened
anonymity protections."  *Doe v. Bd. of Regents of the Univ. of N.M.*, No. CIV 20-1207, 2021
U.S. Dist. LEXIS 168246, *3 (D.N.M. Sept. 4, 2021) (unpublished); *see also Doe v. United*

*States Olympic Comm.*, No. 19-cv-00737, 2019 U.S. Dist. LEXIS 113590, at *4 (D. Colo. July 9, 2019) (unpublished) ("Courts to have considered the issue in the Tenth Circuit have allowed plaintiffs alleging that they were sexually abused as minors to proceed under pseudonyms."). But "plaintiffs alleging matters like sexual harassment have generally not been allowed to proceed anonymously." *L.E.H.*, 2018 U.S. Dist. LEXIS 39832, at *3–4.

Ms. Doe is not a minor, nor was she a minor when the alleged assaults occurred.[5] *Cf. H.A. v. Blue Valley Unified Sch. Dist. 229*, No. 20-2559, 2020 U.S. Dist. LEXIS 208937 *3–4 (D. Kan. Nov. 9, 2020) (unpublished) (noting a dearth of cases where "an adult plaintiff who alleges she was sexually harassed or abused when she was an adult (as opposed to a minor) has been permitted to proceed anonymously"). As such, Ms. Doe's allegations of sexual assault do not automatically constitute an exceptional circumstance. *See Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (denying adult sexual assault victim's request to proceed under pseudonym). Ms. Doe has not established she is particularly vulnerable, and, as an adult, she has chosen to bring claims against a defendant in a public forum.

Further, this case is a level removed from the allegations of sexual assault. Ms. Doe's claims are against Weber State, not against her alleged assailant, Professor Baird. The allegations all relate to how Weber States addressed, or failed to address, Ms. Doe's complaints. *See id.* at 1289–90 ("Courts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name."); *see also Geico Gen. Ins. Co.*, 2021 U.S. Dist. LEXIS 187843, at *19 (disagreeing with defendants' characterization of the case as one that "involve[s] personal and intimate details of their sexual relationship" and stating it was "now an insurance coverage dispute"). Ms. Doe's

---

[5] Ms. Doe's counsel confirmed this at the hearing.

claims of sexual harassment and assault are only a small part of the Complaint.  The majority of the allegations concern Weber State's response.

Finally, Ms. Doe has not established harm sufficient to merit her anonymity.  Although Ms. Doe states she "could suffer danger of physical harm" if her name were disclosed, she provides no information, evidence, or particularized facts supporting this claim.  (Mot. 1–2, Doc. No. 39.)  Resting on its own, this conclusory statement carries no weight.  Weber State, those involved in the Title IX investigation, and Professor Baird already know Ms. Doe's identity, because she filed several complaints about Professor Baird.  (*See* Compl. 5–6, 8, 13, Doc. No. 2 (noting Ms. Doe reported Professor Baird to her church, the Utah Division of Occupational and Professional Licensing, and law enforcement, and that Weber State conducted a Title IX investigation).)  And where Ms. Doe no longer attends Weber State University, (Compl. 1, Doc. No. 2), there can be no risk of retaliation or differential treatment.  Lastly, Ms. Doe offers no support for her argument that the alleged high-profile nature of the case warrants proceeding pseudonymously, and she has failed to show (or even allege with any specificity) other potential harm from disclosure of her identity.

Ms. Doe presents no evidence (aside from the claim that she is a sexual assault victim) in support of her request to proceed pseudonymously.  While the court is sympathetic to Ms. Doe's privacy interests, Ms. Doe has not met her burden of showing this case constitutes an exceptional circumstance warranting anonymity.  The record does not support a finding that Ms. Doe's privacy interests outweigh the public's interest in open court proceedings.  If Ms. Doe wishes to proceed with this case, it must be in her own name.

CONCLUSION

Ms. Doe's motion is DENIED.  If Ms. Doe wishes to proceed in this case, she must re-file her Complaint without redactions within fourteen (14) days of this order.

DATED this 29th day of October, 2021.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge