IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ARELI THOMAS,<br><br>                Plaintiff,<br><br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>                Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 1:20-cv-00054-TC-DAO<br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Areli Thomas filed this Title IX action against Defendant Weber State University in May 2020 under the pseudonym "Jane Doe." (ECF No. 2.) She did not seek or obtain permission from the court before using the pseudonym, but neither the parties nor the court flagged this as an issue.[1] The case proceeded as any other case would, with a motion to dismiss, an order denying that motion, a settlement conference, an answer, and a scheduling order. The University later moved to limit Ms. Thomas's use of a pseudonym in discovery and at trial. (ECF No. 34.) While drafting that motion, the University discovered that Ms. Thomas's failure to get permission to use a pseudonym was a jurisdictional defect, so the University moved to dismiss the complaint for lack of subject-matter jurisdiction. (Mot. to Dismiss at 3 n.1, ECF No. 38.) Shortly after, Ms. Thomas moved for permission to use a pseudonym. (ECF No. 39.) Magistrate Judge Daphne A. Oberg, having been referred to hear all nondispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A), endeavored to decide this issue.

---

[1] One possible explanation for how this issue slipped by is that Ms. Thomas served the University with an unredacted copy of her complaint, so the University already knew the identity of "Jane Doe." (Opp'n to Mot. to Dismiss at 1, ECF No. 40.)

After hearing oral argument, Judge Oberg issued a memorandum decision and order denying Ms. Thomas's request to use a pseudonym. (ECF No. 49.) But Judge Oberg gave Ms. Thomas fourteen days to refile her complaint using her legal name, which Ms. Thomas did. (ECF No. 50.) The University filed a timely objection to Judge Oberg's decision, asserting that Ms. Thomas's failure to seek permission at filing was jurisdictionally fatal and that she could not cure this defect by refiling her complaint. (ECF No. 51.) Ms. Thomas responded to this objection. (ECF No. 53.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district judge reviewing a magistrate judge's order on a nondispositive matter "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also 28 U.S.C. § 636(b)(1)(A). The court must affirm unless it is "left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

## ANALYSIS

"Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." Ravenswood Inv. Co. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011). Generally, when parties file a complaint using a pseudonym but fail to obtain permission, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam). Subject-matter jurisdiction cannot be waived or forfeited, and it may be raised at any time. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012). Here, there was no subject-matter jurisdiction when Ms. Thomas filed her complaint as Jane Doe. The court also

did not have jurisdiction to decide any motions. See W.N.J. v. Yocom, 257 F.3d 1171, 1173 (10th Cir. 2001).

Judge Oberg found that whether a pseudonym-caused jurisdictional defect can be cured is an open question in the Tenth Circuit. (Order at 2, ECF No. 49.) She looked to the Tenth Circuit case that she found most applicable here: W.N.J. v. Yocom, 257 F.3d 1171 (10th Cir. 2001). The first paragraph of Yocom states that "[b]ecause plaintiffs used pseudonyms without first obtaining permission from the district court, the case was improperly filed and must be dismissed for lack of appellate jurisdiction." Id. at 1172 (emphasis added). The Tenth Circuit also cautioned that "[a] lack of jurisdiction cannot be corrected by an order *nunc pro tunc*." Id. (citing Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir. 1999)).

Citing Doe v. Farmington Mun. Schs., No. CV 21-103 SCY/KK, 2021 WL 1390777 (D.N.M. Apr. 13, 2021), and GEICO Gen. Ins. Co. v. M.O., No. 21-2164-DDC-ADM, 2021 WL 4476783 (D. Kan. Sept. 30, 2021), Judge Oberg reads Yocum's rule that a motion to use a pseudonym must be made before filing the complaint as dictum. Even if is not dictum, Yocum says that a pseudonym-caused defect cannot be cured by a retroactive order. Yocum does not say that the defect cannot be corrected by an amended complaint. After all, "the amended complaint—not the original complaint—is the starting point for the jurisdictional determination." United States ex rel. Little v. Triumph Gear Sys., Inc., 870 F.3d 1242, 1252 (10th Cir. 2017) (citing Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473–74 (2007)); see also id. at 1250 (implying that, in the False Claims Act context, when former Doe plaintiffs filed an amended complaint revealing their true identities, a "subsequent commencement" of the action "might

have been achieved"). Now that Ms. Thomas has filed an amended complaint under her legal name, the court has federal-question jurisdiction here. See 28 U.S.C. § 1331.

Ultimately, the University does not even challenge Judge Oberg's reasoning; it merely says that her order creates "uncertainties."[2] The University has failed to meet its burden of showing that Judge Oberg's decision was clearly erroneous or contrary to law. For that reason,

**IT IS ORDERED** that the University's objection (ECF No. 51) is OVERRULED.

**IT IS FURTHER ORDERED** that the University's motion to dismiss (ECF No. 38) is DENIED. The University is directed to file an amended answer no later than January 7, 2022.

**IT IS FINALLY ORDERED** that in the interests of judicial economy, cf. McKinney v. Okla. Dep't of Hum. Servs., 925 F.2d 363, 365 (10th Cir. 1991), the court finds that Ms. Thomas's amended complaint (ECF No. 50) has sufficiently alleged deliberate indifference for the University's inaction after it learned of Dr. Baird's harassment in 2015. All other allegations of deliberate indifference are inadequate and would not survive a motion to dismiss. The remaining allegations in the amended complaint state a plausible claim for relief under Title IX.

DATED this 17th day of December, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[2] The court turns to answer the University's questions presented on page 5 of its Objection. (ECF No. 51.) First, Ms. Thomas need not issue a new summons, as this is an amended complaint, not a new action. Second, the University must file an amended answer within twenty-one days of this order. Third, because the court lacked jurisdiction until Ms. Thomas filed her amended complaint, the court's January 5, 2021 order denying the University's first motion to dismiss is invalid. See Webster v. Reid, 52 U.S. (11 How.) 437, 451 (1850) ("For wherever a court acts without jurisdiction, its decrees, judgments, and proceedings are absolute nullities, powerless as evidence for any purpose whatever."). That said, as noted at the end of this Order, the court finds that the amended complaint—which is otherwise identical to the original complaint—would survive a Rule 12(b)(6) motion to dismiss for the reasons identified in the court's January 5, 2021 order. (ECF No. 18.)