IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ARELI THOMAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>　　　　Defendant. | **ORDER AND MEMORANDUM DECISION GRANTING IN PART, AND DENYING IN PART, WSU'S FIRST MOTION IN LIMINE**<br><br>Case No. 1:20-cv-00054<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Before the court in this Title IX case is Defendant Weber State University's (WSU) First Motion in Limine. ECF No. 96. WSU asks the court to order that Plaintiff Areli Thomas, a former student at WSU, may not introduce any evidence relating to emotional distress, or emotional distress damages. The court has determined a hearing is not necessary and decides the issue on the briefs. For the reasons discussed below it grants in part, and denies in part, WSU's First Motion in Limine.

### I.　Introduction

"In limine" means "[o]n or at the threshold; at the very beginning; preliminarily." Luce v. United States, 469 U.S. 38, 40 n.2 (1984) (quoting Black's Law Dictionary 708 (5th ed. 1979)). "A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." Edens v. The Netherlands Ins. Co., 834 F.3d 1116, 1130 (10th Cir. 2016) (quoting Jones v. Stotts, 59 F.3d 143, 146 (10th Cir. 1995)).[1] "A court should exclude evidence on a

---

[1] Ms. Thomas argues motions in limine cannot be filed until a pre-trial order has been entered. Opp. WSU's First Mot. Lim. 8, ECF No. 104. This is incorrect. That decisions on motions in

motion in limine only when the evidence 'is clearly inadmissible on all potential grounds.'" Decker v. Target Corp., No. 116-CV-00171, 2018 WL 7350627, at *1 (D. Utah Oct. 12, 2018) (quoting Auenson v. Lewis, No. 94–2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)).

**II. Analysis**

WSU asks the court to order that "[Ms.] Thomas, her counsel, and any witness testifying on [Ms.] Thomas' behalf, including expert witnesses, may not introduce any evidence relating to emotional distress, or emotional distress damages." WSU's First Mot. Lim. 1.

a. Ms. Thomas May Not Introduce Evidence Relating to Emotional Distress Damages.

WSU argues evidence relating to emotional distress damages should be excluded in this Title IX action under Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562 (2022), reh'g denied, 142 S. Ct. 2853 (2022). Ms. Thomas argues Title IX cannot be read into the Cummings decision. Opp. WSU's First Mot. Lim. 2–5. Courts across the country have rejected the position that Cummings does not apply to Title IX claims. This court does the same, and as a result the court grants, in part, WSU's First Motion in Limine.

In Cummings, where the plaintiff brought Rehabilitation Act (RA) and Patient Protection and Affordable Care Act (ACA) claims, the Supreme Court addressed the scope of remedies available in actions brought to enforce Spending Clause antidiscrimination statutes. See 142 S. Ct. at 1569–70. The Court found such legislation must be viewed through a contract-law lens,

---

limine are made to help parties in formulating trial strategy does not mean they cannot be filed or decided before the entry of a pre-trial order. "[W]hile it is certainly debatable whether a limine motion was the most appropriate vehicle for teeing up th[e] issue [of whether to exclude evidence related to particular types of damages] . . . nonetheless the issue is one that concerns whether certain evidence should be admitted at trial such that the court finds that resolving the issue now is appropriate." Marshall v. BNSF Ry. Co., No. 18-CV-2385, 2020 WL 128054, at *2 (D. Kan. Jan. 10, 2020).

and reflecting this, determined that plaintiffs bringing private causes of action under these laws may only seek statutory damages and damages traditionally available in suits for breach of contract.  Id. at 1574 (quoting Barnes v. Gorman, 536 U.S. 181, 187 (2002)).  It held that because emotional distress damages are generally not available in an action for breach of contract, they are not recoverable in claims brought under Spending Clause statutes.  See id. at 1572, 1575–76.  While the "Court did not explicitly apply this holding to claims brought under Title IX, district courts across the country since Cummings have uniformly held that its holding applies to Title IX claims and precluded emotional distress damages accordingly."  Doe v. Fairfax Cnty. Sch. Bd., No. 118-cv-00614, 2023 WL 424265, at *3 (E.D. Va. Jan. 25, 2023) (listing cases).

      Ms. Cummings alleges a violation of Title IX.  See Am. Compl., ECF No. 50.  Title IX was enacted under the Spending Clause.  Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 640 (1999) ("we have repeatedly treated Title IX as legislation enacted pursuant to Congress' authority under the Spending Clause.").  The court, like other district courts before it, holds that Cummings applies to Title IX claims.  Ms. Thomas cannot recover emotional distress damages as a matter of law.  Evidence relating to such damages consequently has no probative value in this Title IX action and is not admissible.  See Fed. Rs. Evid. 401(b), 402.  Ms. Thomas may not introduce any evidence relating to emotional distress damages.

      a.   <u>Evidence Relating to Emotional Damages.</u>

WSU also asks the court to order that Ms. Thomas may not introduce any evidence relating to emotional distress.  WSU's First Mot. Lim. 1, ECF No. 96; id. at 6 ("the Court should exclude any testimony or argument regarding Thomas' emotional state").  Referencing emotional distress as well as emotional distress damages, WSU argues that "[i]f these matters are

referenced or admitted at trial, incurable, irreparable, and irreversible harm will occur to WSU," and that evidence on these topics has no probative value. See id. at 1, 6.

At this point, WSU has not shown, and the court cannot say, that evidence relating to emotional distress is clearly inadmissible on all potential grounds. See Cox v. State Farm Fire & Cas. Co., No. 2:04-CV-00976, 2006 WL 8457486, at *3 (D. Utah Mar. 8, 2006) (quoting Townsend v. Benya, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)) ("the in limine exclusion of evidence should be reserved for those instances when the evidence is plainly 'inadmissible on all potential grounds.'"). Rather, evidence about emotional distress could still be relevant in this case. See Answer Am. Compl. 21, ECF 56 (arguing, as Tenth Affirmative Defense, that Ms. Thomas' claims are barred because she consented to the complained of conduct); see e.g., J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29, 397 F. App'x 445, 450 (10th Cir. 2010) (unpublished) (quoting Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 650 (1999)) (noting harassment's severity and objective offensiveness as element of Title IX action).[2]

Consequently, the court defers ruling on the admissibility of emotional distress-related evidence until the factual context is more developed. See Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218–19 (D. Kan. 2007) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.), cert. denied, 423 U.S. 987 (1975)). As the case comes into focus, the court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. Cox, 2006 WL 8457486, at *3 (citing Luce, 469 U.S. at 41; United States v. Martinez, 76 F.3d

---

[2] Unpublished decisions are cited for persuasive value. Fed. R. App. 32.1; DUCivR 7-2(a)(2). Cummings did not address emotional distress outside the damages context. See 142 S. Ct. at 1576 (holding emotional distress damages not recoverable under Spending Clause statutes but not discussing relevance of emotional distress generally in suits filed under such statutes).

1145, 1152 (10th Cir. 1996)).  The court denies WSU's First Motion in Limine without prejudice on the issue of whether Ms. Thomas may introduce any evidence related to emotional distress.

### III. Conclusion

For the reasons discussed above, WSU's First Motion in Limine, ECF No. 96, is GRANTED IN PART and DENIED IN PART.  The court GRANTS WSU's request about evidence relating to emotional distress damages, and ORDERS that Ms. Thomas may not introduce any evidence relating to emotional distress damages.  The court DENIES without prejudice WSU's request about evidence relating to emotional distress.

The court stayed this case pending its ruling on WSU's First Motion in Limine.  See Order Granting Motion to Stay, ECF No. 103.  Having now ruled on this issue, the court ORDERS that the stay be lifted.  The parties must submit a proposed fifth scheduling order within 14 days of entry of this Order.

DATED this 10th of March, 2023.

BY THE COURT

_Tena Campbell_
Judge Tena Campbell
United States District Court Judge