IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ARELI THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>    Defendant. | **ORDER AND MEMORANDUM<br>DECISION DENYING WSU'S<br>SECOND MOTION IN LIMINE**<br><br>Case No. 1:20-cv-00054<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Before the court in this Title IX case is Defendant Weber State University's (WSU) Second Motion in Limine. ECF No. 100. WSU asks the court to order that Plaintiff Areli Thomas, a former student at WSU, "may not introduce any evidence or argument relating to punitive damages." Id. at 2. Ms. Thomas has not filed a response to WSU's motion, neither party has requested a hearing, and the court has determined a hearing is not necessary to decide the issue. For the reasons discussed below the court denies WSU's Second Motion in Limine.

I. Introduction

"A court should exclude evidence on a motion in limine only when the evidence 'is clearly inadmissible on all potential grounds.'" Decker v. Target Corp., No. 116-CV-00171, 2018 WL 7350627, at *1 (D. Utah Oct. 12, 2018) (quoting Auenson v. Lewis, No. 94–2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)). "The moving party bears the burden of demonstrating in their motion in limine that the evidence at issue 'is inadmissible on any relevant ground.' The Court can deny a motion if the movant fails to set out, with the necessary specificity, the evidence it wishes to have precluded." Wheatridge Off., LLC v. Auto-Owners Ins. Co., 578 F. Supp. 3d 1187, 1201 (D. Colo. 2022) (quoting Pinon Sun Condo. Assn. Inc. v. Atain Specialty Ins. Co., 2020 WL 1452166 at *3 (D. Colo. March 25, 2020)) (cleaned up).

## II. Analysis

WSU spends the bulk of its motion arguing that punitive damages are unavailable under Barnes v. Gorman, 536 U.S. 181 (2002) and Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562 (2022), reh'g denied, 142 S. Ct. 2853 (2022). Following these decisions, federal courts within the Tenth Circuit have "predict[ed] that the Tenth Circuit would follow the reasoning of other courts, which have held that because Title VI of the Civil Rights Act of 1964 does not permit recovery of punitive damages, the same rule should apply under Title IX." Clark v. Newman Univ., Inc., No. CV 19-1033, 2022 WL 4130828, at *11 (D. Kan. Sept. 12, 2022). But they have also noted that "[n]either the Tenth Circuit nor the United States Supreme Court have addressed whether a plaintiff may recover punitive damages under Title IX." Id.

Regardless, in the motion before the court WSU is not asking the court to determine the availability of punitive damages. It is asking the court to rule on the admissibility of a) evidence relating to punitive damages and b) any deterrence argument. WSU's Second Mot. Lim. 2, 6. Apart from its argument about the unavailability of punitive damages, WSU spends little more than a short paragraph discussing the admissibility of the evidence at issue, despite bearing the burden of demonstrating that this evidence is inadmissible on any relevant ground. Wheatridge, 578 F. Supp. 3d at 1201. In that discussion, WSU argues that because Ms. Thomas "is not entitled to recover punitive damages as a matter of law, any deterrence argument is irrelevant and is of no consequence in determining this action." WSU's Second Mot. Lim. 6. WSU further argues that such evidence, "if allowed, . . . is prejudicial to WSU because it has a high probability of misleading the jury on the type of damages it can award." Id.

With this brief discussion, WSU's motion does not set out the evidence WSU seeks to have precluded with the necessary specificity. In the context of WSU's First Motion in Limine,

which sought to bar evidence related to emotional distress and emotional distress damages, WSU indicated that Ms. Thomas' expert witnesses were likely to offer testimony and or opinions regarding emotional state and emotional damages, and WSU distinguished between evidence related to emotional distress damages, specifically, and evidence related to emotional distress, generally. See WSU's First Mot. Lim., ECF No. 96; Mot. Expedite 2, ECF No. 97. These arguments gave the court insight into what specific evidence WSU was seeking to exclude. In the context of punitive damages, WSU has made no similar arguments. This leaves it unclear what evidence, specifically, WSU seeks to have excluded with its Second Motion in Limine. Without knowing more precisely what evidence is at issue, at this point the court also cannot know whether it is inadmissible on all grounds. Consequently, WSU has not met its burden to show the evidence it seeks to exclude is clearly inadmissible on all potential grounds. See Cox v. State Farm Fire & Cas. Co., No. 2:04-CV-00976, 2006 WL 8457486, at *3 (D. Utah Mar. 8, 2006) (quoting Townsend v. Benya, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)) ("the in limine exclusion of evidence should be reserved for those instances when the evidence is plainly 'inadmissible on all potential grounds.'").

While the court denies WSU's Second Motion in Limine and defers ruling on the admissibility of punitive damages at this time, it notes that denial of a motion in limine "does not mean that all the evidence contemplated in the motion will automatically be admitted at trial." Wheatridge, 578 F. Supp. 3d at 1201. As the court noted in ruling on WSU's First Motion in Limine, as the case comes into focus, the court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. Cox, 2006 WL 8457486, at *3 (citing Luce v. United States, 469 U.S. 38, 41 (1984); United States v. Martinez, 76 F.3d 1145, 1152 (10th Cir. 1996)).

### III. Order

For the reasons discussed above, WSU's Second Motion in Limine, ECF No. 100, is DENIED without prejudice.

DATED this 27th of March, 2023.

BY THE COURT

*Tena Campbell*

Judge Tena Campbell
United States District Court Judge