IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ARELI THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>WEBER STATE UNIVERSITY,<br><br>    Defendant. | **ORDER ON PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 162) AND DEFENDANT'S NOTICES OF NON-RESPONSE (ECF NOS. 156 AND 157)**<br><br>Case No. 1:20-cv-00054<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

    This case was stayed in substantial part on June 1, 2023. (Order Granting Stay, ECF No. 133). It remains stayed in substantial part. While the case was stayed, Plaintiff Areli Thomas filed two motions: a Motion for Summary Judgment (ECF No. 145) and a Motion for Leave to File Sealed Document (ECF No. 153). In response, Defendant Weber State University (WSU) notified the court that it will not respond to the substance of either motion without further order from the court. (Notices, ECF Nos. 156 & 157).

    The court issued an Order to Show Cause on June 27, 2023. (ECF No. 159). It ordered Ms. Thomas to address why the court should not terminate her motions (ECF Nos. 145 and 153), and whether the court can consider the incorporated statement of facts in her Opposition to WSU's Motion for Summary Judgment. Ms. Thomas responded on July 5, 2023. (ECF No. 162). The court has carefully considered the arguments made by both parties and it has determined that a hearing on the issues at hand is not necessary.

    Ms. Thomas argues that filing the motions during the stay, and her incorporation of facts from her summary judgment motion in her Opposition to WSU's summary judgment motion, align with the local rules and the Federal Rules of Civil Procedure. The court finds

these arguments unavailing.  Nevertheless, "the court will reconsider the order [staying the case in substantial part] based on its own inherent power to review and revise interlocutory orders."  Partex Apparel Int'l LTDA S.A. de C.V. v. GFSI, Inc., No. 10-2678, 2012 WL 1059854, at *6 (D. Kan. Mar. 28, 2012).  Specifically, the court reconsiders the order on the stay to the extent that these two motions were not contemplated by that order.[1]  After reviewing its order, the court has determined that for the reasons discussed below it will allow Ms. Thomas to file the two motions at issue and it will consider the incorporated statement of facts in Ms. Thomas's Opposition to WSU's Motion for Summary Judgment.[2]

      First, while filed during a stay, Ms. Thomas's motions were not untimely.  Her Motion for Summary Judgment was filed before the dispositive motions deadline in the most recent scheduling order.  (See Fifth Am. Scheduling Order, ECF No. 110 at 2).

      Second, in deciding summary judgment, a court must fulfill its Rule 56 duty even if a party fails to respond to the motion.  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Ms. Thomas has not failed to respond; her failures are of a lower magnitude.  But either way the court must determine that judgment for WSU is appropriate under Rule 56.  The court will be assisted in fulfilling this duty by considering the guidance provided by Ms. Thomas's motion and the facts incorporated into her summary judgment opposition.

      Third, the court's order staying the case in substantial part allowed briefing to go forward on WSU's motion for summary judgment.  (Order Staying Case, ECF No. 133 (citing WSU Mot. Summ. J., ECF No. 114)).  That order did not contemplate Ms. Thomas's

---

[1] The court does not reconsider the order on the stay beyond this narrow issue.
[2] However, the court admonishes the parties to abide by the local rules and the Federal Rules of Civil Procedure in its future filings with this court.

cross-motion for summary judgment because in opposing the stay, Ms. Thomas did not express an intent to file such a motion. (See Opp. Mot. Stay, ECF No. 130). But WSU has filed its motion for summary judgment, and it is in the interest of equity to allow Ms. Thomas to likewise file hers and to have the court consider it without delay. WSU would, at most, be minimally prejudiced by such a course of action because Ms. Thomas would likely otherwise be able to file her motion after the stay is lifted.[3]

Considering Ms. Thomas's motions and her incorporation of facts is also in the interest of judicial economy. The parties' summary judgment motions argue from competing perspectives, but about many of the same issues. It would be more efficient to have arguments about these issues before the court once, rather than twice. Cf. Thomas v. Kroger Co., 24 F.3d 147, 149 (11th Cir. 1994) (quoting Matia v. Carpet Transport, Inc., 888 F.2d 118, 119 (11th Cir.1989)) (observing district court may consider untimely motion for summary judgment if, among other reasons, it "would be the course of action most consistent with the interest of judicial economy.").

Finally, considering Ms. Thomas's motions and her incorporated facts at this juncture aligns with Rule 1's mandate that the Federal Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Given the age of this case, the court is disinclined to strike or set aside Ms. Thomas's motion, or to ignore its contents because doing so would delay the resolution of this case. (See Third

---

[3] Any prejudice to WSU that might be caused by Ms. Thomas's at-issue filings and incorporation of facts is also mitigated by the extension in filing its reply brief that WSU has already obtained. (Order Granting Extension, ECF No. 161 (granting Mot. for Extension, ECF No. 160)).

Am. Scheduling Order, ECF No. 91 at 2 ("Given the age of the case, the court is disinclined to grant any additional extensions.")).

For the reasons discussed above, the court **ORDERS** the following:

1. The court will consider the two motions that Ms. Thomas filed during the stay, and it will allow Ms. Thomas's incorporation of facts.

2. Following the timeline established in Judge Oberg's Order granting WSU's Motion for an Extension of Time (ECF No. 160), the deadline for WSU to file a reply to its Motion for Summary Judgment is fourteen days after this Order is issued.  (See ECF No. 161).

3. WSU's response in opposition to, and Ms. Thomas's reply in support of, Ms. Thomas's Motion for Summary Judgment, are due according to the deadlines established in DUCivR 7-1(a)(4)(B), beginning from the date this Order is issued.  Put differently, WSU has 28 days from the date this Order is issued to file its response.

4. If, because of this decision, either party requires additional pages to address the issues presented at summary judgment, they may—despite the stay—move for permission to file an overlength brief.  (See Mot. Extension of Time, ECF No. 160 at 3 n.4).

DATED this 21st of July, 2023.

BY THE COURT

*Tena Campbell*

TENA CAMPBELL
United States District Court Judge